IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Timothy W. Humprhries, | : | |
| | : | |
| Plaintiff, | : | Case No. 1:10-cv-749 |
| | : | |
| v. | : | Chief Judge Susan J. Dlott |
| | : | |
| David A. Chicarelli, | : | ORDER GRANTING DEFENDANT |
| | : | BLAKE ELLENDER'S MOTION TO |
| Defendants. | : | DISMISS |

This matter is before the Court on Defendant Blake Ellender's Motion to Dismiss (doc. 44) the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court will **GRANT** the Motion to Dismiss.

## I.      BACKGROUND

### A.      Procedural Posture

Plaintiff Humphries initiated this lawsuit in state court on October 21, 2010 against Defendants David A. Chicarelli, the City of Carlisle, Ohio, Timothy Boggess, Dustin Moore, James Slyder, Mark Brooks, Sherry Callahan, and Steven Badger. (Doc. 1-1.) Defendants removed the action to this Court on October 26, 2010. With leave of the Court, Humphries filed a First Amended Complaint (doc. 33) on October 4, 2011, which added to the suit Defendants Jerry Ellender, Blake Ellender, and Ronald Hovell. Blake Ellender thereafter filed the pending Motion to Dismiss.

B.  **Allegations in the First Amended Complaint**

1.  **Introduction**

The allegations in the First Amended Complaint set forth herein are taken as true for purposes of the Motion to Dismiss. The allegations cannot be summarized easily due to substantive and organizational deficiencies in the First Amended Complaint. For example, Plaintiff introduced only some of the parties in the opening paragraphs of the First Amended Complaint, and therefore the Court was required to scour the entire pleading to determine the basis for including the other named Defendants as parties in this action. Plaintiff Timothy W. Humphries is the current mayor of the City of Carlisle, Ohio. (Doc. 33 at 3.) Defendants include the City of Carlisle and several officers or employees of the City of Carlisle. (*Id.* at 1-4, 26, 28.) Defendant David Chicarelli is the law director of the City of Carlisle. (*Id.* at 4.) Defendants James Slyder, Timothy Boggess, Dustin Moore, Steven Badger, and Mark Brooks (collectively, "Defendant Officers") are police officers employed by the City of Carlisle. (*Id.* at 3.) Defendant Sherry Callahan is the city manager of the City of Carlisle. (*Id.* at 16.) Defendant Ronald Hovell was the "acting" city manager of the City of Carlisle in 2008. (*Id.* at 28.) Defendant Jerry Ellender is the former mayor of the City of Carlisle. (*Id.* at 5, 26.) Based on the parties' briefs, the Court understands that Defendant Blake Ellender is the son of Jerry Ellender, but that "fact" is not asserted in the First Amended Complaint. Plaintiff does not specify whether the individual Defendants employed by the City of Carlisle are being sued in their individual capacities, their official capacities, or both.

Plaintiff Humphries alleges generally that Chicarelli, Hovell, Callahan, and the Defendant Officers acted to discredit and bring scorn upon him after he was elected the mayor of

the City of Carlisle.  Plaintiff asserts claims for relief in Counts I–VI of the First Amended Complaint.  (*Id.* at 13–30.)  However, the nature of each claim, against which Defendant(s) it is pleaded, and whether it arises under state or federal law are not readily apparent.  Nor it is clear how Counts I–VI should be reconciled with the claims listed in the caption of the First Amended Complaint.  The caption states as follows:

> First Amended
> Complaint for
> Defamation, Libel, Slander,
> False Light, False
> and Malicious Prosecution
> Wrongful Interference
> with Employment, Breach of
> Contract, Negligence, Abuse
> of Police Powers, 42 USC 1983
> Violations
> Unlawful Search & Seizure
> Civil Conspiracy
> Jury Demand[.]

(*Id.* at 1.)  Nonetheless, the Court must endeavor to set forth the material, relevant allegations in order to adjudicate the pending Motion to Dismiss.

### 2. Plaintiff Humphries Was Elected as Mayor in November 2007 and Obtained Possession of City-Owned Laptop on January 2008.

Plaintiff Humphries defeated Jerry Ellender in the November 2007 election for mayor of the City of Carlisle.  (*Id.* at 5, 26.)  Humphries took office as mayor on January 1, 2008.  (*Id.* at 14.)  Humphries was issued a City-owned laptop after he took office as mayor in January 2008.  (*Id.* at 5–6.)  Humphries had asked that the City-owned laptop be professionally cleaned and the files therein deleted from the hard drive before he took possession of the laptop.  (*Id.* at 5.)  Defendant Hovell, then the acting city manager, had reason to know the laptop had not been cleaned or the files erased before it was given to Humphries for his use.  (*Id.* at 28.)  Jerry

3

Ellender previously had had possession and use of the laptop when he had been mayor. (*Id.* at 26.)

### 3. In 2009, Defendants Seized the City-Owned Laptop from Humphries and Accused Him of Using the Laptop to Access Sexually-Explicit Materials.

On or about November 5, 2009, following another election in the City of Carlisle, certain Defendant Officers obtained a search warrant without probable cause and confiscated two computers used by Plaintiff Humphries, a personal home computer and the City-issued laptop computer. (*Id.* at 4–5, 28.) The search warrant was based on an affidavit completed by one of the Defendant Officers that falsely indicated that images of child pornography had been found on the laptop. (*Id.* 4–5, 9, 28.)[1] Another Defendant Officer disclosed the contents of the search warrant to the media and members of the community despite the fact that the warrant was under court-ordered seal. (*Id.* at 10.)

After the Defendant Officers seized the computer, Chicarelli, the city attorney, released false information to the public and to the Carlisle city council that Humphries had pornography on his computers. (*Id.* at 6–7.) Also, during a telephone conversation with Humphries's personal attorney, Chicarelli threatened to disclose to the public that Humphries had more than 200 images of "Gay pornography" on the laptop unless Humphries resigned as mayor of the City of Carlisle. (*Id.* at 7.) Humphries refused to resign. (*Id.*) Chicarelli also encouraged the city council to initiate a petition to recall Humphries. (*Id.* at 8.) Defendant Hovell, likewise, made

---

[1] The basis of the Defendant Officer's affidavit is unclear. First, Plaintiff alleges that the Defendant Officer based his affidavit on a statement allegedly made to him by Angie Cole, a relative of Plaintiff Humphries, that Humphries had accessed child pornography on the City-owned laptop. (*Id.* at 4–5, 9.) Second, Plaintiff alleges that prior to seeking the search warrant, two Defendant Officers had conducted a search of the laptop with a program called PRE SEARCH. (*Id.* at 9, 28.)

false statements to the media that the laptop had been turned in by Jerry Ellender, the former mayor, and delivered it to Plaintiff Humphries before Christmas in 2007.  (*Id.* at 29.)  Chicarelli conducted what Humphries describes as a criminal investigation of him, but no criminal charges were filed.  (*Id.* at 7–8.)

    **4.    A Forensic Examination of the Laptop Cleared Humphries of Wrongdoing and Indicated that the Sexually-Explicit Materials Had Been Accessed on the Laptop in December 2007.**

On an unspecified date, personnel at the Miami Valley Regional Computer Forensics Laboratory ("MVRCF Lab") examined the laptop and determined that it contained no illegal documents or images.  (*Id.*)  MVRCF Lab personnel also concluded that there was no evidence that the materials had been downloaded by Humphries.  (*Id.*)

The images on the computer were found under the profile of the former mayor, Jerry Ellender, and had been accessed on the City-owned laptop on December 25, 2007 and December 26, 2007, almost two years prior to the date the search warrant for the laptop was executed.  (*Id.* at 5, 26.)  On those dates in December 2007, Humphries already had defeated Jerry Ellender in the mayoral campaign, but he had not taken office as mayor nor taken possession of the computer.  (*Id.* at 26–28.)  On December 25, 2007, just one minute before the computer was used to access sexually-explicit materials, the computer also was used to log into a Yahoo! portal associated with the "justcallmeorganic@yahoo.com" email account.  (*Id.* at 27.)  Also, two video files were found on the www.YouTube.com website under the "justcallmeorganic" user account profile which had been uploaded on December 16, 2007.  (*Id.*)  Blake Ellender "ma[de] a personal appearance" in one of the two videos.  (*Id.*)  From these factual allegations, Plaintiff Humphries concludes that Jerry Ellender and/or Blake Ellender accessed the sexually-explicit

5

files on the City-owned laptop. (*Id.* at 29.) Finally, Plaintiff Humphries alleges that Jerry Ellender and Blake Ellender knew that Humphries was being criminally investigated and falsely accused in the media of accessing sexually-explicit materials and/or child pornography, but that Jerry Ellender and Blake Ellender "remained silent when they had a duty to speak." (*Id.*)

## II. STANDARDS GOVERNING MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court "must read all well-pleaded allegations of the complaint as true." *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). However, this tenet is inapplicable to legal conclusions, or legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949–50 (2009).

To withstand a dismissal motion, a complaint "does not need detailed factual allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

The Supreme Court gave the following additional guidance in *Iqbal*:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than [legal] conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1950.

**III.   ANALYSIS**

Blake Ellender moves to dismiss the claim(s) stated against him. Defendant Blake Ellender is named in Count VI, but not in Counts I-V, of the First Amended Complaint. In fact, Blake Ellender is not identified or discussed in the First Amended Complaint at all except for in the case caption and in Count VI. Accordingly, to the extent that Plaintiff suggests in his Memorandum in Opposition (doc. 45) that he asserted claims other than the claim stated in Count VI against Blake Ellender, the Court rejects that suggestion.

In Count VI, Plaintiff Humphries sets forth the factual allegations described above that Jerry Ellender or Blake Ellender accessed the sexually-explicit materials on the City-owned laptop in December 2007, prior to the time that Humphries obtained possession of the laptop. Plaintiff then asserts that the Ellenders had reason to know that he was being criminally investigated and falsely accused of accessing child pornography or sexually-explicit materials on the computer. He accuses Jerry Ellender and Blake Ellender of staying silent when they had a duty to speak. Plaintiff concludes Count VI as follows:

> Defendants engaged in unlawful acts in a civil conspiracy and caused an illegal search and seizure, defamation of reputation and character, libel, slander and false accusations of criminal behavior.

(Doc. 33 at 30.)[2]

Plaintiff Humphries purports in Count VI to state a claim for civil conspiracy. The Court cannot determine from the four corners of the First Amended Complaint whether the claim is being asserted under state or federal law. (*Id.* at 26–30.) However, Plaintiff cites to cases involving federal claims for civil conspiracy in his Memorandum in Opposition, (doc. 45 at 8–9), so the Court will assume that the civil conspiracy claim arises under federal law. The Sixth Circuit has described a federal civil conspiracy as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985).

Plaintiff has failed to set forth a civil conspiracy claim against Blake Ellender sufficient to satisfy the Rule 12(b)(6) pleading standards set forth in *Iqbal* and *Twombly*. Plaintiff Humphries has not set forth facts to support an inference that Blake Ellender entered into an agreement with any other Defendant to injure Humphries. Plaintiff alleges that Blake Ellender or Jerry Ellender accessed sexually-explicit material on the City-owned laptop in December 2007. Plaintiff separately alleges that, two years later in 2009, Chicarelli, the City of Carlisle,

---

[2] Inexplicably, Plaintiff suggests in his Memorandum in Opposition, that the torts underlying the civil conspiracy claim include (1) fraud and (2) aiding and abetting, and not "illegal search and seizure, defamation of reputation and character, libel, slander and false accusations of criminal behavior" as quoted above from the First Amended Complaint. (*Compare* Doc. 45 at 8–11 *with* Doc. 33 at 30.) The Court does not read the First Amended Complaint to assert a claim for either fraud or aiding and abetting.

Hovell, Callahan, and the Defendant Officers seized the laptop and made false allegations that he accessed the sexually-explicit materials on the laptop. These separate sets of allegations do not support an inference that Blake Ellender conspired with the other Defendants to injure Humphries. Significantly, Plaintiff Humphries does not allege in the First Amended Complaint that Blake Ellender accessed sexually-explicit materials in December 2007 with the intent that the materials be found on the laptop two years later in 2009 when Humphries had possession of the laptop.[3] Nor does he allege that Blake Ellender informed Chicarelli, the City of Carlisle, Hovell, Callahan, or the Defendant Officers that he had accessed sexually-explicit materials on the laptop prior to the time that Defendant Officers seized the computer.

At most, Plaintiff Humphries has pleaded that Blake Ellender did not disclose that he (allegedly) had accessed sexually-explicit materials on the laptop after the other Defendants made public accusations against Humphries in 2009. This allegation is legally insufficient to state a claim for conspiracy against Blake Ellender for two reasons. First, the allegation that Blake Ellender had a duty to speak is not supported. A duty to speak generally arises in the context of fraud when one person reposes confidence in a second person and the second person knows of the confidence placed in him. *Randleman v. Fidelity Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812, 822 (N.D. Ohio 2006). The duty may arise where the parties have a fiduciary relationship or a similar relationship of trust and confidence. *In re Nat'l Century Fin. Enterprises, Inc.*, 504 F. Supp. 2d 287, 316 (S.D. Ohio 2007) (Ohio law). A duty to speak

---

[3] Plaintiff states in his brief opposing the dismissal motion that Blake Ellender implanted a "Trojan Horse" in the laptop by accessing the sexually-explicit material. (Doc. 45 at 7, 9.) That allegation is not made in the First Amended Complaint, however, nor is any similar allegation stated which could give rise to an inference that Blake Ellender acted in December 2007 with an intent to injure Humphries.

generally does not arise in an arms-length business relationship.  *Nelson v. Am. Power & Light*, No. 2:08-cv-549, 2010 WL 3219498, at *10 (S.D. Ohio Aug. 12, 2010) (Ohio law).  The basis of the duty to speak must be pleaded with particularity.  *See Randleman*, 465 F. Supp. 2d at 822.  In this case, Plaintiff Humphries has not pleaded a cause of action for fraud and has not pleaded with particularity the basis for Blake Ellender's alleged duty to speak.

Second, Plaintiff Humphries does not plead facts which would support an inference that Ellender remained silent in order to further the other Defendants' alleged conspiracy to harm the reputation of Humphries.  Instead, it is equally likely that Blake Ellender remained silent in order to protect himself or his father from embarrassment and/or possible criminal investigation.  Moreover, it is not clear from the facts alleged that Blake Ellender even knew that father's previous work laptop had been transferred to Humphries or that the sexually-explicit material that Humphries was accused of accessing was the same material that he allegedly had accessed two years prior in 2007.  In the absence of allegations that Blake Ellender had an intent/common purpose with other Defendants to harm Humphries, the conclusory allegation that Blake Ellender conspired with the other Defendants does not raise Humphries's "right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The Court, therefore, will dismiss the civil conspiracy claim against Blake Ellender.

IV.     **CONCLUSION**

For the foregoing reasons, the Defendant Blake Ellender's Motion to Dismiss (doc. 44) hereby is **GRANTED**. Further, the parties are instructed that in any subsequent briefing addressing the merits of the claims they are to specify the following for each cause of action discussed:

- the nature of claim;
- whether the claim arises under state or federal law;
- which Defendant or Defendants the claim is asserted against; and
- the factual allegations which support or refute the claim.

**IT IS SO ORDERED.**

                                                ___s/Susan J. Dlott_____
                                                Chief Judge Susan J. Dlott
                                                United States District Court